

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | |
|---|---|
| D2 DATA DRIVEN SOFTWARE CORPORATION, § <br> F/K/A EDSOFT SOFTWARE CORPORATION § <br> § <br> PLAINTIFF, § <br> VS. § <br> § <br> VOYAGER EXPANDED LEARNING, L.P. F/K/A § <br> VOYAGER EXPANDED LEARNING, INC., § <br> EMERY RANDOLPH BEST, JERI A. § <br> NOWAKOWSKI, MATTHEW PETER § <br> HUNTER AND STEPHAN RANDAL BLACK, § <br> § <br> DEFENDANTS, § | CIVIL ACTION 307 CV 2125 - M <br><br> 17691 |

### NOTICE OF REMOVAL

Voyager Expanded Learning, L.P. f/k/a Voyager Expanded Learning, Inc., Emery

Randolph Best, Jeri A. Nowakowski, Matthew Peter Hunter and Stephan Randal Black

(collectively, "Defendants") notify the Court and all parties of the removal of this suit from the

14th Judicial District Court of Dallas County, Texas to the United States District Court for the

Northern District of Texas, Dallas Division.

### PROCEDURAL HISTORY

1.      On January 10, 2005, plaintiff D2 Data Driven Software Corporation, f/k/a EdSoft

Software Corporation ("EdSoft") filed cause no. 05-00298, styled *EdSoft Software Corporation*

*v. Voyager Expanded Learning, Inc.*, in the 14th Judicial District Court of Dallas County, Texas

(the "State Court Proceeding") alleging misappropriation of trade secrets and demanding a jury

trial.

2.      On July 22, 2005, EdSoft filed civil action no. 3:05-CV-1463-D, styled *EdSoft*

*Software Corporation v. Voyager Expanded Learning, Inc., Emery Randolph Best, Jeri A.*

*Nowakowski, Matthew Peter Hunter and Stephan Randal Black*, in the United States District Court for the Northern District of Texas, Dallas Division (the "Federal Court Proceeding") alleging copyright infringement, breach of contract, misappropriation of trade secrets, fraud, breach of fiduciary duty, conversion, unjust enrichment, civil conspiracy and seeking declaratory relief.

3.      Compelled to arbitration in the Federal Court Proceeding by order dated September 27, 2005, the parties submitted to arbitration before the American Arbitration Association in Case No. 71 117 Y 00238 06 styled *D2 Data Driven Software Corporation f/k/a EdSoft Software Corporation v. Voyager Expanded Learning, L.P., Voyager Expanded Learning, Inc., Emery Randolph Best, Jeri A. Nowakowski, Matthew Peter Hunter and Stephan Randal Black.* The State Court Proceeding was also abated pending arbitration by order dated November 23, 2005.

4.      EdSoft initiated arbitration and filed its statement of claim on April 17, 2006. In the arbitration, EdSoft alleged causes of action for copyright infringement, breach of contract, misappropriation of trade secrets, fraud, breach of fiduciary duty, unjust enrichment, and sought declaratory relief. Arbitration hearings were held from September 10, 2007 through September 21, 2007. On November 8, 2007, the panel issued its award purporting to resolve, among other things, EdSoft's 17 U.S.C. §§ 101, *et seq.* claims. Attached as exhibit A is a true and correct copy of the November 8, 2007 award (the "Award"). On November 28, 2007, both EdSoft and Voyager moved to modify the Award. As of this date, those motions remain pending before the arbitration panel.

5.      Invoking the Federal Arbitration Act, on December 14, 2007, EdSoft filed its motion to confirm the Award in the State Court Proceeding. *See D2 Data Driven Software*

Corporation's Motion to Confirm Arbitration Award, a true and correct copy of which is attached hereto as exhibit B, tab 39.

6.     On December 18, 2007, EdSoft filed Plaintiff's Second Amended Petition purporting to add Ms. Nowakowski and Messrs. Best, Hunter and Black as defendants to the State Court Proceeding and seeking confirmation the Award and injunctive relief. *See* Plaintiff's Second Amended Petition, a true and correct copy of which is attached hereto as exhibit B, tab 41. This removal followed.

## BASIS FOR REMOVAL

7.     The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1338(a) and 17 U.S.C. §§ 101, *et seq.* in that it is a civil action seeking confirmation of an arbitral award under 9 U.S.C. §§ 1, *et seq.* that contains specific findings on copyright claims.  The Award makes the following specific findings with regard to copyright law:

- The Panel further finds that under Section 5.0 of the 2002 Consulting Agreement, Voyager paid for and received "… an exclusive, royalty-free, perpetual license to use the work products, and to modify enhance, and make derivative works of the work products in connection with its internal business applications."  The existence of this license provides Voyager with an absolute defense to any allegations of copyright infringement for any activities within the scope of this license.  Furthermore, nothing in the 2002 Consulting Agreement suggests that the license would be revoked upon termination or breach of the 2002 Consulting Agreement.  We further find that Voyager's use of the "work products" and "derivative works" were within the scope of, and thus authorized under, the limited license conveyed by EdSoft.

- The Panel further finds that EdSoft has failed to offer sufficient evidence for us to grant EdSoft an award on its copyright, declaratory judgment, fraud, breach of fiduciary duty, money had and received, or other claims, objections or motions not herein addressed.

- The Panel finds that this relief is not preempted by the Copyright infringement claims of EdSoft.

*See* exhibit A at pp. 1-2.

8.      Accordingly, Defendants may remove this case pursuant to 28 U.S.C. § 1441(a-c) and 28 U.S.C. § 1446(b). *See Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991) (federal courts have subject matter jurisdiction over the enforcement of an arbitration award where federal question or diversity of citizenship jurisdiction is present); *see also Kallen v. Dist. 1199, Nat'l Union of Hosp. and Health Care Employees, RWDSU, AFL-CIO*, 574 F.2d 723, 725 (N.Y. 1978) (affirming a Southern District of New York federal court opinion that removal of an action to vacate an arbitration award was proper because a federal question was at issue).

9.      This Court is appropriate for purposes of removal under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

10.     Pursuant to Northern District Local Rules 81.1(a)(1)-(2) an original and one copy of a completed civil cover sheet and supplemental civil cover sheet are being filed contemporaneously herewith.

11.     Pursuant to 28 U.S.C. § 1446(a) and Northern District Local Rule 81.1(a)(3), copies of all pleadings, process, orders and other filings, including an index of such documents and the state court docket sheet as required by Northern District Local Rules 81.1(a)(3)(A)-(B), are attached to this notice as exhibit B.

12.     Pursuant to Northern District Local Rule 81.1(a)(3)(D), a separately signed certificate of interested persons is attached as exhibit C.

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of the written notice addressed to the adverse parties and the 95th Judicial District Court, Dallas County, Texas is attached hereto as exhibit D.

14.    Pursuant to Federal Rule of Civil Procedure 7.1(a), a separately signed corporate disclosure statement is attached as exhibit E.

## RELIEF REQUESTED

Voyager Expanded Learning, L.P. f/k/a Voyager Expanded Learning, Inc., Emery Randolph Best, Jeri A. Nowakowski, Matthew Peter Hunter and Stephan Randal Black request that the action be placed on this Court's docket for further proceedings.

Dated:  December 20, 2007.

Respectfully submitted,

BY: _____

/Craig B. Florence
SBN: 07158010
cflorence@gardere.com
Robert T. Slovak
SBN: 24013523
rslovak@gardere.com
Steven C. Lockhart
SBN: 24036981
slockhart@gardere.com

GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 999-4779 - Telephone
(214) 999-3779 – Facsimile

Bruce W. Bowman
State Bar No. 02752000
bbowman@godwinpappas.com

GODWIN PAPPAS RONQUILLO, LLP
1201 Elm Street, Suite 1700
Dallas, Texas 75201-4041
(214) 939-4400 – Telephone
(214) 760-7332 – Facsimile

**ATTORNEYS FOR VOYAGER EXPANDED LEARNING, L.P. F/K/A VOYAGER EXPANDED LEARNING, INC., EMERY RANDOLPH BEST, JERI A. NOWAKOWSKI, MATTHEW PETER HUNTER AND STEPHAN RANDAL BLACK**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following attorneys of record as indicated below on December 20, 2007:

John T. Palter, *Esq.*                    ***Via Hand Delivery***
Bruce K. Packard, *Esq.*
RINEY PALTER PLLC
5949 Sherry Lane
Suite 1616
Dallas, Texas 75225

_____
Steven C. Lockhart

DALLAS 1867340v3



# AMERICAN ARBITRATION ASSOCIATION

## COMMERCIAL ARBITRATION TRIBUNAL

In the Matter of the Arbitration

Re:   71 117 Y 00238 06
      D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation,
      Claimant
      vs.
      Voyager Expanded Learning, L.P., Voyager Expanded Learning, Inc., Emery Randolph
      Best, Jeri A. Nowakowski, Matthew Peter Hunter and Stephen Randal Black,
      Respondents

ADMINISTRATOR: Jeremy May

# AWARD OF ARBITRATORS

We, the undersigned, having been designated and duly sworn as ARBITRATORS in accordance with the arbitration clause contained in the May 15, 2002 Consulting Agreement (the "2002 Consulting Agreement") by and between D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation ("EdSoft") and Voyager Expanded Learning, L.P. ("Voyager"), as amended to authorize a three arbitrator panel and to include the other individual respondents named above (the "Individual Respondents"), and having received and considered the evidence, exhibits, stipulations, submissions, objections, arguments, motions, responses and briefs of the parties in accordance with the Commercial Arbitration Rules ("Rules") of the American Arbitration Association ("AAA") do hereby make the following findings and Award as follows:

The Panel finds that EdSoft has failed to present sufficient evidence to sustain claims asserted by EdSoft against the Individual Respondents. Accordingly, EdSoft shall take nothing on its claims asserted in this arbitration involving Emery Randolph Best, Jeri A. Nowakowski, Matthew Peter Hunter and Stephen Randal Black.

The Panel further finds that under Section 5.0 of the 2002 Consulting Agreement, Voyager paid for and received "...an exclusive, royalty-free, perpetual license to use the work products, and to modify enhance, and make derivative works of the work products in connection with its internal business applications." The existence of this license provides Voyager with an absolute defense to any allegations of copyright infringement for any activities within the scope of this license. Furthermore, nothing in the 2002 Consulting Agreement suggests that the license

would be revoked upon termination or breach of the 2002 Consulting Agreement. We further find that Voyager's use of the "work products" and "derivative works" were within the scope of, and thus authorized under, the limited license conveyed by EdSoft.

EdSoft has requested that the Panel make certain findings with regard to ownership of U.S. Patent No. 6,676,413 (the "413 Patent"). We find that EdSoft has failed to present sufficient evidence to prove that the claimed subject matter of the 413 Patent was conceived or made by EdSoft employees, either alone or in conjunction with others, to support EdSoft's claim of ownership under the 2002 Consulting Agreement. These findings are limited to the issue of EdSoft's claim of ownership and do not go to the ultimate issue of inventorship.

The Panel further finds that Edsoft has failed to offer sufficient evidence for us to grant EdSoft an award on its copyright, declaratory judgment, fraud, breach of fiduciary duty, money had and received, or other claims, objections or motions not herein addressed.

The facts, law and equities are with EdSoft on its claim that Voyager misappropriated trade secrets. Formulas, patterns, devices and information compilations used in EdSoft's business that conferred it with opportunities to obtain advantages over competitors were protected by and disclosed to Voyager as know-how, work and work product pursuant to the 2001 Consulting Agreement preformed and the 2002 Consulting Agreement signed by the parties. EdSoft is entitled to disgorgement of the gain Voyager derived from the misappropriated trade secrets. As the prevailing party under the 2002 Consulting Agreement and as authorized by R-43(d) of the Rules, EdSoft is also entitled to a recovery of attorneys' fees and costs. The Panel finds that this relief is not preempted by the Copyright infringement claims of Edsoft.

For these reasons, Voyager Expanded Learning, L.P. shall pay D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation $4,425,000.00 plus attorneys' fees and costs of $1,087,000.00.

The administrative fees and expenses of the AAA totaling $29,000.00 and the compensation and expenses of the Arbitrators totaling $270,745.92 shall be borne by Voyager Expanded Learning, L.P. Therefore, Voyager Expanded Learning, L.P. shall pay D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation $155,873.02 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation, upon demonstration by D2 Data Driven Software Corporation formerly known as EdSoft Software Corporation that these incurred costs have been paid.

The total award shall bear interest at eight and a quarter percent (8.25%) per year from the date of this Award until paid.

This Award is in full settlement of all claims, counterclaims, affirmative defenses, objections or motions submitted in this arbitration and not herein addressed. All matters not expressly granted herein are denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

SIGNED: _____    DATED: _____

Jack A. Selman, Arbitrator/Chairman

SIGNED: _____    DATED: _____

Terry L. Clark, Arbitrator

SIGNED: _____    DATED: __11/8/07__

Mike M. Tabor, Arbitrator

Final Award 238 06                          3

This Award is in full settlement of all claims, counterclaims, affirmative defenses, objections or motions submitted in this arbitration and not herein addressed. All matters not expressly granted herein are denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same Instrument.

SIGNED: _____        DATED: _____
            Jack A. Selman, Arbitrator/Chairman

SIGNED: _____        DATED: _11/8/07_
            Terry L. Clark, Arbitrator

SIGNED: _____        DATED: _____
            Mike M. Tabor, Arbitrator

Final Award ZJS 06.Doc                         3

This Award is in full settlement of all claims, counterclaims, affirmative defenses, objections or motions submitted in this arbitration and not herein addressed. All matters not expressly granted herein are denied.

This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

SIGNED: _____    DATED: _11-8-07_
Jack A. Selman, Arbitrator/Chairman

SIGNED: _____    DATED: _____

Terry L. Clark, Arbitrator

SIGNED: _____    DATED: _____

Mike M. Tabor, Arbitrator

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

D2 DATA DRIVEN SOFTWARE CORPORATION, §
F/K/A EDSOFT SOFTWARE CORPORATION §
§
PLAINTIFF, §
VS. §
§
VOYAGER EXPANDED LEARNING, L.P. F/K/A §
VOYAGER EXPANDED LEARNING, INC., §
EMERY RANDOLPH BEST, JERI A. §
NOWAKOWSKI, MATTHEW PETER §
HUNTER AND STEPHAN RANDAL BLACK, §
§
DEFENDANTS, §

CIVIL ACTION NO. _____

## INDEX OF STATE COURT DOCUMENTS

1.    Undated    Judge's Docket

2.    Undated    Memorandum of Papers Filed

3.    Undated    Case Summary

4.    01/10/05    Plaintiff's Original Petition, Request for Disclosure, Request for Production & Interrogatories

5.    01/13/05    Citation

6.    01/31/05    Defendant Voyager Expanded Learning, Inc.'s Original Answer

7.    02/17/05    Uniform Scheduling Order

8.    02/18/03    Plaintiff's First Amended Petition

9.    03/22/05    Motion for Leave to File Third Party Claim

10.    03/22/05    Defendant Voyager Expanded Learning, Inc.'s First Amended Answer and Original Counterclaim

11.    03/25/05    EdSoft Software Corporation's Original Answer to Voyager Expanded Learning, Inc.'s Original Counterclaim

12.    04/25/05    Deputy Report Statement

INDEX OF STATE COURT DOCUMENTS            PAGE 1

| 13. | 04/26/05 | Correspondence from Bruce W. Bowman, *Esq.*, to The Honorable Kent M. Sims |
|-----|----------|----------------------------------------------------------------------------|
| 14. | 04/27/05 | Proposed Order Granting Leave to Add Parties |
| 15. | 05/16/05 | Joint Motion to Extend Deadline to Decide on a Mediator |
| 16. | 05/19/05 | Order |
| 17. | 05/24/05 | Defendant Voyager Expanded Learning, Inc.'s Original Third Party Petition |
| 18. | 06/06/05 | Citation |
| 19. | 06/06/05 | Citation |
| 20. | 06/10/05 | EdSoft Software Corporation's Motion for Leave to Extend Deadline to Join Additional Parties and Request for Hearing |
| 21. | 06/17/05 | Gregory McFarland's Original Answer |
| 22. | 06/17/05 | Third Party Defendant Charles Kelley's Original Answer to Defendant Voyager Expanded Learning, Inc.'s Third Party Petition |
| 23. | 06/26/05 | Motion to Compel |
| 24. | 06/22/05 | Voyager Expanded Learning, Inc.'s Response to EdSoft Software Corporation's Motion for Leave to Extend Deadline to Join Additional Parties |
| 25. | 06/29/05 | Defendant's Notice of Submission |
| 26. | 07/08/05 | Notice of Appearance |
| 27. | 07/15/05 | Notice of Non-Suit |
| 28. | 07/29/05 | Notice of Non-Suit |
| 29. | 10/31/05 | Motion to Arbitrate and Alternatively, Motion to Extend |
| 30. | 11/09/05 | Notice of Hearing |
| 31. | 11/23/05 | Order Abating and Administratively Closing Case |
| 32. | 01/30/07 | Motion for Declaratory Judgment and to Enjoin Arbitration |
| 33. | 02/06/07 | Order Reinstating Case to Active Status |

34.    02/19/07    Plaintiff's Response to Defendants' Motion for Declaratory Judgment and to Enjoin Arbitration

35.    02/19/07    Plaintiff's Appendix in Response to Request for Declaratory Judgment and Injunction

36.    02/22/07    Defendant's Reply Brief in Support of Its Motion for Declaratory Judgment and to Enjoin Arbitration

37.    03/05/07    Order Denying Defendants' Motion for Declaratory Judgment and to Enjoin Arbitration

38.    03/30/07    Order Administratively Closing Case

39.    12/14/07    D2 Data Driven Software Corporation's Motion to Confirm Arbitration Award

40.    12/18/07    Plaintiff's Application for Pre-Judgment Writ of Attachment

41.    12/18/07    Affidavit of Robert J. Couture in Support of Plaintiff's Application for Pre-Judgment Writ of Attachment

42.    12/19/07    Plaintiff's Second Amended Petition

43.    12/20/07    Notice of Appearance

INDEX OF STATE COURT DOCUMENTS                                    PAGE 3

DALLAS 1868288v1

Respectfully submitted,

BY: _____

Craig B. Florence
SBN: 07158010
cflorence@gardere.com
Robert T. Slovak
SBN: 24013523
rslovak@gardere.com
Steven C. Lockhart
SBN: 24036981
slockhart@gardere.com

GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 999-4779 - Telephone
(214) 999-3779 – Facsimile

Bruce W. Bowman
State Bar No. 02752000
bbowman@godwinpappas.com

GODWIN PAPPAS RONQUILLO, LLP
1201 Elm Street, Suite 1700
Dallas, Texas  75201-4041
(214) 939-4400 – Telephone
(214) 760-7332 – Facsimile

ATTORNEYS FOR VOYAGER EXPANDED LEARNING,
L.P. F/K/A VOYAGER EXPANDED LEARNING, INC.,
EMERY RANDOLPH BEST, JERI A. NOWAKOWSKI,
MATTHEW PETER HUNTER AND STEPHAN RANDAL
BLACK

INDEX OF STATE COURT DOCUMENTS                                    PAGE 4

DALLAS 1868288v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following attorneys of record as indicated below on December 20, 2007:

John T. Palter, *Esq.*                  ***Via Hand Delivery***
Bruce K. Packard, *Esq.*
RINEY PALTER PLLC
5949 Sherry Lane
Suite 1616
Dallas, Texas 75225

_____
Steven C. Lockhart

JAMES E. DOYLE -24036501
900 Three Galleria Tower
Dallas, TX 75240
972.628.3600/972.628.3616 fax

LEVEL ___2___

# JUDGE'S DOCKET, 14TH DISTRICT COURT

MEDIATOR: _____

| Action: DAMAGES | Filing: 01-10-05 | No. 05-00298-A |
|---|---|---|

| PARTIES | ATTORNEYS |
|---|---|
| EDSOFT SOFTWARE CORPORATI | DOYLE JAMES J  24036501<br>COOPER & SCULLY, PC<br>900 JACKSON ST , SUITE 100<br>DALLAS        TX  75202<br>214 712 9500<br>Fax- (214) 712-9540 |

3rd pty pet- 5/24/05
VS.
1 - VOYAGER EXPANDED LEARNING  3/22/05 C-clm
Nonsuit 7-29-05
- charles Kelley - 3rd pty def
- Gregory Mcfarland - 3rd pty def
Nonsuit 7-15-05

1- Donald E. Godwin - 08056500
1201 Elm St., Suite 1700
Dallas, TX 75270-2084
214.939.4400/214.760.7332

2 Gary D. Eisenstat #06503200
3400 Bank of America Plaza
901 Main St
(214) 939-2000/(214) 939-2090 -fax

#3 Jim L. Flegle #07118600
18383 Preston Rd, Ste 100
Dallas, TX 75252
(214) 572-1700/(214) 572-1717 -fax

| JURY DEMAND DATE | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL. | PAGE | | | Scheduling Order Mailed | | | | | *1-30-2006 | 9 | a.m. * see | |
| REPORTED HEARING | | | | | | | | | | ✓ Status | 2/23/07 | | attached S/O |

| DATE | WIT. | EX. | RPTR | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-25-05 | | | HD | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

DISPOSITION
- To fed court............□
- To another county □
- D.W.P..................□
- Nonsuit ...............□
- Default ...............□
- Agreed Jgt ...........□
- Summary Jgt .........□
- Ex parte Jgt .........□
- Nonjury trial .........□
- Jgt on verdict ........□
- Dir verd or NOV .....□
- Other disposition □

JURY ACTIVITY
- Voir dire _____
- Jury sworn _____
- Ev to jury _____
- Mistrial _____
- Hung jury _____
- Dir verd _____
- Verdict _____
- New Trial _____

2.17.05 O/scheduling LVII 2 347H407 . (-M/a · E31

4/27/05 O/Gentry Lv/Add ~~first~~ Parties — M. Kent Sims, O.

4.27.05 O/gnt lve add ptys        351A248 D31        Copy both ptys

5-9-05 E/ extend deadline/mediator    351A295 E31    Copy both
6-23-05 π M/ leave: deny w/o prej — if π specifically id's    ptys
         party + w/o agr will take up

7-15-05 N/nonsuit (Gregory McFarland)    354A298 D31    No copys
                                                         mailed
7-29-05 N/nonsuit (Charles Kelley)    355A123 D31    " "
11-23-05 Agr auto stay presented

11-23-05 O/abate + admin c/lose case        359A148 Copy fax
                                                     all ptys
2-6-07 conf. counsel: set for inj 2/22 9:30          am

2-6-07 O/reinstate case    373A223    Copy all
                                      ptys
2-22-07 record ΔM/Def/arb: ΔE 1-19, 20, 21; Δ~~F~~; ΔT-N; Δ O-W;
        π22; π23, π24; π25-27; deny    m. murphy

3-5-07 O/Deny Enjoin Arbitration    374A 225    Copy All
                                                Aty's
3-30-07 O/admin close case    375A130    Copy ptys

05-00298

_____A 14th_____ JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS

CAUSE OF ACTION _Damages_____

05-00298-A

EDSOFT SOFTWARE CORPORATI

VS

VOYAGER EXPANDED LEARNING

05-00298-A

JAMES J DOYLE

24036501

01-10-05      PETITION

FILE DATE _1|10|05_____   COST DEPOSIT $ _183·00____   JURY _____
BOND APPROVAL _____   DATE _____   INITIAL PROCESS ISSUED __1__

CONSOLIDATED WITH _____ TRANSFERRED FROM _____
SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 1. 1-15-05 | 1 cit · Atty | |
| 2. 1-13-05 | Ret Cit | |
| 3. 1-31-05 | D/orig ans- voyager Expanded Learning | |
| 4. 2·17·05 | O/scheduling Lvl 2            E31 | 347A407 |
| 5. 2·18·05 | P/1st amd petition | |
| 6. 3·22·05 | D/m/Lv/file 3rd pty claim | |
| 7. 3·22·05 | D/1st amd ans & orig C-clm | |
| 8. 3/25/05 | P/ans/C-clm | |
| 9. 4·27·05 | O/grnt lve/add ptys        D31 | 351A248 |
| 10. 5-16-05 | E/m/extend deadline/mediation | |
| 11. 5-19-05 | O/grnt extend deadline/mediation E31 | 351A295 |
| 12. 5/24/05 | D/orig 3rd pty petition | |

**THESE ARE DISTRICT COURT PAPERS**
**AND MUST NOT BE REMOVED**
**FROM THE DISTRICT CLERK'S OFFICE**
**JIM HAMLIN, DISTRICT CLERK, DALLAS COUNTY**

Case 3:07-cv-02125-M   Document 1   Filed 12/20/07   Page 25 of 40   PageID 265

| DATE | |
|---|---|
| 6-1-05 | E/ Rule 11 agrmnt ltr |
| 6-6-05 | Ret Cit - (2) |
| 6-10-05 | P/ m/ lve /extend deadline / join add'l ptys |
| 6-17-05 | D/ Orig Ans - Charles Kelley |
| 6-17-05 | D/ Orig Ans - Gregory McFarland |
| 6-22-05 | D/ m/ compel |
| 6-22-05 | D/ resp/ m/ lve /extend deadline |
| 6-29-05 | D/ N/ submission |
| 7-8-05 | P/ N/ appearance |
| 7-15-05 | N/ nonsuit (Gregory McFarland)  354 A 298 D 31 |
| 7-29-05 | N/ nonsuit (Charles Kelley)  354 A 123  D 31 |
| 10/31/5 | D/ m/ arbitrate and m/extend |
| 11/9/05 | D/ n/ hrg |
| 11-23-05 | O/ abate + admin close case  359 A 148 |
| 1/30/07 | D/ m/ Declaratory Jdgmt & to Enjon Arbitration |
| 2-6-07 | O/ reinstate case  373 A 223 |
| 2-19-07 | P/ appendix resps /reg / declar./judgment |

**GARY FITZSIMMONS, DISTRICT CLERK**

# CASE SUMMARY
## CASE NO. DC-05-00298

| | | |
|---|---|---|
| EDSOFT SOFTWARE CORPORATI vs. VOYAGER EXPANDED LEARNING | §<br>§<br>§<br>§ | Location: **14th District Court**<br>Judicial Officer: **MURPHY, MARY**<br>Filed on: **01/10/2005** |

---

### CASE INFORMATION

**Statistical Closures**                                    Case Type: **DAMAGES**
03/30/2007    ALL OTHER DISPOSITIONS
11/23/2005    AGREED JUDGMENTS

---

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | **EDSOFT SOFTWARE CORPORATI** | **DOYLE, JAMES J**<br>*Retained* | 214-712-9500 |
| | **N/APPEARANCE, .** | **DAVIS, JAMES E**<br>*Retained* | 972-919-6155 |
| **DEFENDANT** | **CHARLES, KELLEY** | **EISENSTAT, GARY D**<br>*Retained* | 214-939-2000 |
| | **GREGORY, MCFARLAND** | **FLEGLE, JIM L**<br>*Retained* | 214-572-1701 |
| | **VOYAGER EXPANDED LEARNING** | **GODWIN ESQ, DONALD E**<br>*Retained* | 214-939-4412 |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 01/10/2005 | ORIGINAL PETITION (OCA)<br>*Case Petitioned* | |
| 01/10/2005 | -<br><br>*COOPER & SCULLY PC* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*STATE INDIGENCE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*DC RECORDS MGT FEE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*SECURITY FEE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*RECORD MGT FEE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*CLERKS FEE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*COURT RPT SVC FEE* | *Vol./Book 0000000* |
| 01/10/2005 | -<br><br>*LAW LIBRARY FUND* | *Vol./Book 0000000* |
| 01/10/2005 | - | *Vol./Book 0000000* |

| Date | | | Vol./Book |
|---|---|---|---|
| | APPELLATE FUND | | |
| 01/10/2005 | - | | Vol./Book 0000000 |
| | STATE JUDICIAL FEE | | |
| 01/10/2005 | - | | Vol./Book 0000000 |
| | MEDIATION FUND | | |
| 01/10/2005 | - | | Vol./Book 0000000 |
| | FACILITY FEE | | |
| 01/11/2005 | - | | Vol./Book 0000000 |
| | CIT & COP ATTY | | |
| 01/13/2005 | - | | Vol./Book 0000000 |
| | RET CIT PPS | | |
| 01/31/2005 | - | | Vol./Book 0000000 |
| | ORIG ANS-VOYAGER E L | | |
| 01/31/2005 | - | | Vol./Book 0000000 |
| | ATTY-DONALD GODWIN | | |
| 02/17/2005 | - | | Vol./Book 347A407 |
| | O/SCHEDULING LVL 2 | | |
| 02/18/2005 | - | | Vol./Book 0000000 |
| | 1ST AMD PETITION | | |
| 03/22/2005 | - | | Vol./Book 0000000 |
| | VINCENT SANDORA | | |
| 03/22/2005 | - | | Vol./Book 0000000 |
| | STATE INDIGENCE | | |
| 03/22/2005 | - | | Vol./Book 0000000 |
| | M/LV/FILE 3RD PTY CL | | |
| 03/22/2005 | - | | Vol./Book 0000000 |
| | 1ST AMD ANS/ORG C-CL | | |
| 03/25/2005 | - | | Vol./Book 0000000 |
| | ANSWER/COUNTERCLAIM | | |
| 04/27/2005 | - | | Vol./Book 351A248 |
| | O/GRNT LVE/ADD PTYS | | |
| 05/16/2005 | - | | Vol./Book 0000000 |
| | M/XTND DEADLN/MEDTOR | | |
| 05/19/2005 | - | | Vol./Book 351A295 |
| | O/EXTEND DEDLN/MEDIA | | |
| 05/24/2005 | - | | Vol./Book 0000000 |
| | SARAH NEWMAN ATTY | | |
| 05/24/2005 | - | | Vol./Book 0000000 |
| | STATE INDIGENCE | | |
| 05/24/2005 | - | | Vol./Book 0000000 |

# GARY FITZSIMMONS, DISTRICT CLERK
# CASE SUMMARY
## CASE NO. DC-05-00298

|  |  |  |
|---|---|---|
|  | *THIRD PARTY PETITION* |  |
| 05/25/2005 | - | *Vol./Book 0000000* |
|  | *GODWIN GRUBER LLP* |  |
| 05/25/2005 | - | *Vol./Book 0000000* |
|  | *CIT & COP ATTY* |  |
| 05/25/2005 | - | *Vol./Book 0000000* |
|  | *CIT & COP ATTY* |  |
| 06/01/2005 | - | *Vol./Book 0000000* |
|  | *RULE 11 AGRMNT LTR* |  |
| 06/06/2005 | - | *Vol./Book 0000000* |
|  | *RET CIT TARRANT* |  |
| 06/06/2005 | - | *Vol./Book 0000000* |
|  | *RET CIT TARRANT* |  |
| 06/10/2005 | - | *Vol./Book 0000000* |
|  | *M/LVE/EXTEND DEADLIN* |  |
| 06/17/2005 | - | *Vol./Book 0000000* |
|  | *ORIG ANS-C. KELLEY* |  |
| 06/17/2005 | - | *Vol./Book 0000000* |
|  | *ORIG ANS-G.MCFARLAND* |  |
| 06/17/2005 | - | *Vol./Book 0000000* |
|  | *ATTY-GARY EISENSTAT* |  |
| 06/17/2005 | - | *Vol./Book 0000000* |
|  | *ATTY-JIM FLEGLE* |  |
| 06/22/2005 | - | *Vol./Book 0000000* |
|  | *RESP/M/LVE/EXTEND* |  |
| 06/22/2005 | - | *Vol./Book 0000000* |
|  | *M/COMPEL* |  |
| 06/29/2005 | - | *Vol./Book 0000000* |
|  | *N/SUBMISSION* |  |
| 07/08/2005 | - | *Vol./Book 0000000* |
|  | *N/APPEARANCE* |  |
| 07/15/2005 | - | *Vol./Book 354A298* |
|  | *N/NONSUIT-G MCFARLAN* |  |
| 07/29/2005 | - | *Vol./Book 355A123* |
|  | *N/NONSUIT-C. KELLEY* |  |
| 10/31/2005 | MOTION - MISCELLANOUS<br>Party: DEFENDANT VOYAGER EXPANDED LEARNING<br>*M/ARBITRATE AND M/EXTEND* |  |
| 11/09/2005 | NOTICE OF HEARING / FIAT<br>*D/VOYAGER EXPANDED LERNING* |  |

*Printed on 12/20/2007 at 10:43 AM*

**GARY FITZSIMMONS, DISTRICT CLERK**
# CASE SUMMARY
## CASE NO. DC-05-00298

| | | |
|---|---|---|
| 11/23/2005 | **ORDER - ADMINISTRATIVELY CLOSE CASE (BANKRUPTCY)** (Judicial Officer: MURPHY, MARY) | *Vol./Book 358A, Page 148, 1 pages* |
| 11/23/2005 | NOTE - CLERKS<br>*... 30 DAY DRAWER......* | |
| 11/23/2005 | **MOTION HEARING** (9:20 AM)  (Judicial Officer: MURPHY, MARY)<br>*D/M/ARBIT/EXTEND* | |
| 12/21/2005 | NOTE - CLERKS<br>*.....SENT/RECORDS.....* | |
| 01/30/2006 | TRIAL SETTING (NON JURY) | |
| 01/30/2007 | MOTION - MISCELLANOUS<br>Party:  DEFENDANT VOYAGER EXPANDED LEARNING<br>*M/DECLARATORY JDGMT & TO ENJOIN ARBITRATION* | |
| 02/06/2007 | ORDER - REINSTATE (OCA and REOPEN CASE) | *Vol./Book 373A, Page223, 1 pages* |
| 02/06/2007 | **Status Conference** (9:10 AM)<br>*Regarding motion filed 1/30/07* | |
| 02/19/2007 | RESPONSE<br>*P'S/RSP/DEF'S/M/DECLARATORY JDGMT & TO ENJOIN ARBITRATION* | |
| 02/19/2007 | RESPONSE<br>*P'S/APPENDIX/RSP/REQUEST/DECLARATORY/JDGMT & INJUNCTION* | |
| 02/22/2007 | MOTION - MODIFY<br>Party:  DEFENDANT VOYAGER EXPANDED LEARNING<br>*M/DECLARATORY JUDGMENT AND TO ENJOIN ARBITRATION* | |
| 02/22/2007 | **MOTION HEARING** (9:30 AM)<br>*TEMP INJ* | |
| 03/05/2007 | ORDER - DENY<br><br>*ENJOIN ABRITRATION* | *Vol./Book 374A, Page225, 2 pages* |
| 03/09/2007 | **Final Disposition Hearing** (9:00 AM)<br>*NOT A HEARING - HAVE THE PARTIES CONFIRMED THE MAY 14 TRIAL SETTING?* | |
| 03/30/2007 | **ORDER - ADMINISTRATIVELY CLOSE CASE (BANKRUPTCY)** (Judicial Officer: MURPHY, MARY) | *Vol./Book 375A, Page 130, 1 pages* |
| 12/14/2007 | MOTION - MISCELLANOUS<br>Party:  PLAINTIFF EDSOFT SOFTWARE CORPORATI<br>*M/CONFIRM ARBITRATION AWARD* | |
| 12/18/2007 | MISCELLANOUS EVENT<br>Party: PLAINTIFF EDSOFT SOFTWARE CORPORATI;  PLAINTIFF N/APPEARANCE, .<br>*APPLICATION/PRE-JUDGMENT WRIT OF ATTACHMENT* | |
| 12/18/2007 | AFFIDAVIT<br>Party:  PLAINTIFF EDSOFT SOFTWARE CORPORATI;  PLAINTIFF N/APPEARANCE, . | |

*Printed on 12/20/2007 at 10:43 AM*

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-05-00298



> *ROBERT J. COUTURE IN SUPPORT/PLTF'S/APPLICATION/PRE-JUDGMT WRIT OF ATTACHMENT*

12/21/2007 | **MOTION HEARING** (10:30 AM) (Judicial Officer: MURPHY, MARY)
*DF/M/CONFIRM ARBITRAATION FILED 12/14/07 30M*

---

| DATE | FINANCIAL INFORMATION |
| --- | --- |

**MAINFRAME CONV PARTY** Legacy Financial Management

| | |
| --- | ---: |
| Total Charges | 249.00 |
| Total Payments and Credits | 249.00 |
| **Balance Due as of 12/20/2007** | **0.00** |

*Printed on 12/20/2007 at 10:43 AM*

CAUSE NO. _____

| | | |
|---|---|---|
| EDSOFT SOFTWARE CORPORATION | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| VOYAGER EXPANDED LEARNING, Inc. | § | |
| | § | |
| Defendant. | § | A-14th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR PRODUCTION & INTERROGATORIES

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Edsoft Software Corporation ("Edsoft") as plaintiff and files this original petition against Voyager Expanded Learning, Inc. ("Voyager") (collectively "parties") and would respectfully show the court as follows:

### I. Discovery Control Plan

Plaintiff intends to conduct discovery under level 2.

### II. Parties

Plaintiff Edsoft is a company incorporated under the laws of the State of Texas having its principal place of business in Dallas County.

Defendant Voyager is a company incorporated under the laws of the State of Texas having its principal place of business in Dallas County. Voyager maintains a registered agent, Randy Best, at 2200 Ross Avenue, Suite 3800 Dallas, Texas 75201. Randy Best is also the president of Voyager and his address as president is Voyager Expanded Learning, Inc., 1125 Longpoint Avenue, Dallas, TX 75247.

DOC # 528673

### III.  Misappropriation of Trade Secrets

Edsoft provided ideas and development to Voyager with such ideas and development being trade secrets.  Voyager, without Edsoft's permission, has misappropriated Edsoft's ideas and development as its own and even patented Edsoft's trade secrets in patent no. 6,667,413 B1 which is attached as Exhibit A.  Edsoft has suffered damages as a result of Voyager's unauthorized use of its trade secrets such as lost profits and royalties

### IV.  Damages

Plaintiff seeks as damages lost profits, lost royalties, exemplary damages, costs of suit, pre and postjudgment interest, and a court order directing defendant to take the necessary steps so that the patent in question lists Edsoft as an assignee.

### V.  Demand for Jury

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### VI.  Request for Disclosure

Under Texas Rule of Civil Procedure 194, plaintiff requests defendant disclose the information and/or materials described in Rule 194.2.

### VII.  Requests for Production

Plaintiff serves it first requests for production with this original petition.  The requests are attached as Exhibit B.

### VIII.  Interrogatories

Plaintiff serves it first interrogatories with this original petition.  The interrogatories are attached as Exhibit B.

## IX.  Prayer

For these reasons, plaintiff asks that defendant by cited to appear and answer and, on final trial, that plaintiff have judgment against defendant for the following:  actual damages, exemplary damages, court order directing defendant to add plaintiff as assignee on patent in question, pre and postjudgment interest, costs of suit, and all other relief, in law and equity, to which plaintiff may be entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _____
    **R. Brent Cooper**
    State Bar No. 04783250
    **James. J. Doyle III**
    State Bar No. 024036501
100 Founders Square
900 Jackson Street
Dallas, Texas  75202
Telephone: (214) 712-9528
Facsimile: (214) 712-9540

**ATTORNEYS FOR PLAINTIFF**

DOC # 528673

# EXHIBIT A

Case 3:07-cv-02125-M    Document 1    Filed 12/20/07    Page 37 of 40    PageID 277



US006676413B1

## (12) United States Patent
### Best et al.

(10) Patent No.: **US 6,676,413 B1**
(45) Date of Patent: **Jan. 13, 2004**

(54) **METHOD AND SYSTEM FOR PREVENTING ILLITERACY IN SUBSTANTIALLY ALL MEMBERS OF A PREDETERMINED SET**

(75) Inventors: **Emery Randolph Best**, Dallas, TX (US); **Jeri A. Nowakowski**, Plano, TX (US); **Matthew Peter Hunter**, Dallas, TX (US); **Stephan Randal Black**, Colleyville, TX (US)

(73) Assignee: **Voyager Expanded Learning, Inc.**, Dallas, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 114 days.

(21) Appl. No.: **10/124,587**

(22) Filed: **Apr. 17, 2002**

(51) Int. Cl.[7] ............................................. G09B 17/00
(52) U.S. Cl. ...................................................... 434/178
(58) Field of Search ................................. 434/156, 159, 434/167, 169, 178

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,059,127 A | 10/1991 | Lewis et al. | ................. | 434/353 |
| 6,017,219 A | 1/2000 | Adams, Jr. et al. | ......... | 434/178 |
| 6,077,085 A | 6/2000 | Parry et al. | .................. | 434/322 |
| 6,144,838 A | 11/2000 | Sheehan | ...................... | 434/362 |
| 6,195,640 B1 | 2/2001 | Mullaly et al. | ............. | 704/260 |
| 6,299,452 B1 * | 10/2001 | Wasowicz et al. | .......... | 434/178 |

* cited by examiner

*Primary Examiner*—John Edmund Rovnak
(74) *Attorney, Agent, or Firm*—William N. Hulsey, III; Hulsey, Grether, Fortkort & Webster, LLP

(57) **ABSTRACT**

A method and system for preventing illiteracy and achieving grade-level literacy in substantially all members of a predetermined set of students is disclosed, including the steps of administering standardized oral fluency measures, recording the test results in a database, calculating a standardized predictive measure of literacy for each student, presenting a report for each student including recommendations of curriculum and instruction time, determining a schedule for each student for repeating the steps of the method during the school year. Aggregate reports show a summary of progress for all the students or for a subset of the students. Teachers are surveyed for information regarding their activities in implementing the method. Supervisors are also surveyed for information regarding their supervisory activities. Reports are prepared from the information collected on such teacher and supervisor surveys. Data entry screens and reports may be provided to teachers and supervisors over the Internet.

**25 Claims, 24 Drawing Sheets**



Case 3:07-cv-02125-M     Document 1     Filed 12/20/07     Page 38 of 40     PageID 278



FIG. 1

| Fluency Test | Literacy Indicators |
|---|---|
| Initial Sound Fluency<br><br>Phoneme Segmentation Fluency | Phonological Awareness |
| Nonsense Word Fluency | Alphabetic Principle |
| Reading Connected Text | Accuracy and Fluency with Connected Text |
| Letter-naming Fluency | Risk Indicator that acquisition of crucial skills may be difficult |

## FIG. 2

Progress Monitoring

Phoneme Segmentation Fluency

Short Form Instructions

For more detailed instructions, see the VIP Manual.

**I will say a word. After I say it, you tell me all the sounds in the word. If I say *man*, you would say /m/ /a/ /n/. Let's try one. (1-second pause) Tell me the sounds in *sat*.**

| CORRECT RESPONSE:<br>If student says /s/ /a/ /t/, you say: | INCORRECT RESPONSE:<br>If student gives any other response, you say: |
|---|---|
| **Very good.** | **The sounds in *sat* are /s/ /a/ /t/. It's your turn. Tell me the sounds in *sat*.** |

**OK. Here is your first word.**

## FIG. 3A

**U.S. Patent**          Jan. 13, 2004          Sheet 3 of 24          US 6,676,413 B1

**Progress Monitoring 1**                                    Student Name_____

Phoneme Segmentation Fluency Record Sheet

| | ⌐15 | | ⌐16 | | | | | | ⌐17 |
|---|---|---|---|---|---|---|---|---|---|

test           /t/ /e/ /s/ /t/           make      /m/ /ai/ /k/      _____ /7

sight          /s/ /ie/ /t/              do        /d/ /oo/          _____ /5

goose          /g/ /oo/ /s/              got       /g/ /o/ /t/        _____ /6

team           /t/ /ea/ /m/              phone     /f/ /oa/ /n/       _____ /6

race           /r/ /ai/ /s/              bath      /b/ /a/ /th/       _____ /6

beast          /b/ /ea/ /s/ /t/          tear      /t/ /ea/ /r/       _____ /7

splash         /s/ /p/ /l/ /a/ /sh/      sad       /s/ /a/ /d/        _____ /8

hopped         /h/ /o/ /p/ /t/           way       /w/ /ai/          _____ /6

wiped          /w/ /ie/ /p/ /t/          light     /l/ /ie/ /t/       _____ /7

found          /f/ /ow/ /n/ /d/          there     /TH/ /ai/ /r/      _____ /7

duck           /d/ /u/ /k/               save      /s/ /ai/ /v/       _____ /6

been           /b/ /e/ /n/               neck      /n/ /e/ /k/        _____ /6

                                                   Total: _____
                                                          └18

Notes:

**FIG. 3B**